UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELICA DAVILA, | : |
| Plaintiff, | : Civil No.: 2:13-CV-00070-MRH |
| | : (Consolidation with 2:14-CV-00070) |
| v. | : |
| | : The Honorable Mark R. Hornak |
| NORTHERN REGIONAL JOINT POLICE BOARD, et al, | : |
| | : JURY TRIAL DEMANDED |
| Defendants. | : |

## DEFENDANT OFFICER ANDREW BIENEMANN'S MOTION FOR LEAVE OF COURT TO FILE DOCUMENTS UNDER SEAL PURSUANT TO FED.R.CIV.P. 5.2(d)

Defendant, Officer Andrew Bienemann ("Officer Bienemann"), by and through his attorneys, Siana, Bellwoar & McAndrew, LLP, files this Motion for Leave of Court to File Documents Under Seal Pursuant to Fed.R.Civ.P. 5.2(d) and in support thereof avers as follows:

1. Plaintiff, Angelica Davila, initiated this lawsuit by filing a Complaint on January 15, 2013 against the Northern Regional Joint Police Board ("NRJPB"), two of its officers, Officer Andrew Bienemann and Sergeant John Sicilia, Allegheny County, (PA), and Immigration and Customs Enforcement ("ICE") Agent Brianna Tetrault. (ECF 1).

2. Additionally, Davila filed a Federal Tort Claims Act ("FTCA") complaint against the United States on January 16, 2014 (14-cv-0070, ECF 1). On February 14, 2014, the FTCA action was consolidated with the instant matter.[1]

3. By Order and Opinion dated March 28, 2017, this Court reinstated the claims against the United States. (ECF 188, 189).

4. On May 18, 2017, the United States filed a Consent Motion for Stipulated Protective Order, whereby the Parties sought to limit the production of certain sensitive

---

[1] Unless otherwise noted, all ECF references in this Brief refer to the docket of this matter, No. 13-cv-0070.

1

documents and material marked "CONFIDENTIAL" by any party producing the same through the course of discovery. (ECF 195).

5. By Order dated May 19, 2017, the Court entered the Stipulated Protective Order. (ECF 196).

6. The Stipulated Protective Order protects against disclosure of "Protected Material" as defined by Section 2.12. (ECF 196).

7. According to Section 2.12, "Protected Material" is defined as "[a]ny Disclosure or Discovery Material that is designated as "CONFIDENTIAL." (ECF 196).

8. Pursuant to the Stipulated Protective Order, the United States produced certain Protected Material designated "CONFIDENTIAL" during discovery.

9. According Section 12.6 of the Stipulated Protective Order, a Party may not file "in the public record" any Protected Material unless a the party files the Protected Material pursuant to a Court order authorizing the same under Western District Local Rule 5.2. (ECF 196).

10. Officer Bienemann intends to seek summary judgment as to all claims asserted against him pursuant to Rule 56 of the Federal Rules Civil Procedure.

11. In order to adequately seek summary judgment, Officer Bienemann must attach as exhibits certain Protected Material produced by the United States.

12. These exhibits contain privileged and sensitive information, including law enforcement sensitive information, information concerning the names and identities of individual law enforcement officers, information protected from disclosure by the Immigration and Nationalization Act, and identifying information of Plaintiff, Angelica Davila, and third parties not participating in this lawsuit.

13. Federal Rule of Civil Procedure 56(d) permits the Court to enter an order that a filing, or parts of a filing, be made under seal. Fed.R.Civ.P. 56(d)

14. Pursuant to Local Rule of Civil Procedure 5.2(H), a party seeking to file any document under seal must obtain prior leave of Court by filing a motion for leave to file under seal. LCvR 5.2 (H).

15. Accordingly, Officer Bienemann respectfully seeks an Order permitting him to file any Protected Material produced by the United States and attached as an exhibit to the anticipated Motion for Summary Judgment under seal.

16. Although it is well-settled among courts within the Third Circuit that there exists a common law right to public access to judicial proceedings and records, courts also have recognized the principle that the "right is not absolute." *See*, e.g., *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1998) (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978)); *Leucida, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 165 (3d Cir. 1993); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984).

17. If, at any stage of the litigation a party seeks to file a document or motion under seal, it must apply to the court for an order of confidentiality. See generally *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 785-87 (3d Cir. 1994).

18. In the instant case, the Stipulated Protective Order provides that Protected Material may not be filed in the public record absent leave of court.

19. Filing and placing any Protected Material produced by the United States and incorporated as an exhibit to Officer Bienemann's anticipated Motion for Summary Judgment will not prejudice any party and will serve the interests of law enforcement officer safety and

confidentiality, the confidentiality of third parties not related to this lawsuit and the interests of justice in this case.

**WHEREFORE**, Officer Bienemann respectfully requests that this Honorable Court grant his Motion for Leave of Court to File Documents Under Seal, and enter an Order, in the form of the attached Proposed Order, allowing Officer Bienemann to file any Protected Material produced by the United States and attached as an Exhibit to his anticipated Motion for Summary Judgment under seal.

Respectfully submitted,

**SIANA, BELLWOAR & McANDREW, LLP**

By:   */s/ Sheryl L. Brown*
Sheryl L. Brown, Esquire, ID No. 59313
*Attorney for Defendant, Officer Andrew Bienemann*
Ludwigs Corner Professional Center
941 Pottstown Pike, Suite 200
Chester Springs, PA 19425-3510
(P) 610.321.5500
(F) 610.321.0505
slbrown@sianalaw.com

4

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ANGELICA DAVILA, : | Civil No.: 2:13-CV-00070-MRH |
| Plaintiff, : | (Consolidation with 2:14-CV-00070) |
| v. : | The Honorable Mark R. Hornak |
| NORTHERN REGIONAL JOINT : POLICE BOARD, et al, : | JURY TRIAL DEMANDED |
| Defendants. : | |

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this day a true and correct copy of Defendant, Officer Andrew Bienemann's Motion for Leave of Court to File Documents Under Seal Pursuant to Fed.R.Civ.P. 5.2(d), together with the supporting Brief, were served by the Court's ECF system, and/or first class mail, postage prepaid, addressed as indicated:

| Witold J. Walczak, Esquire | Thomas J. Farrell, Esquire | Michael Heyse |
|---|---|---|
| Sara J. Rose, Esquire | Farrell & Reisinger, LLC | U.S. Department of Justice, Office |
| ACLU of Pennsylvania | 200 Koppers Building | of Immigration Litigation |
| 247 Fort Pitt Boulevard | 436 Seventh Avenue | 450 Fifth Street NW |
| Pittsburgh, PA 15222 | Pittsburgh, PA 15219 | Washington, DC 20001 |

Respectfully submitted,

**SIANA, BELLWOAR & McANDREW, LLP**

Date: October 25, 2017     By: */s/ Sheryl L. Brown*
Sheryl L. Brown, Esquire, ID No. 59313
*Attorney for Defendant, Officer Andrew Bienemann*
Ludwigs Corner Professional Center
941 Pottstown Pike, Suite 200
Chester Springs, PA 19425-3510
(P) 610.321.5500
(F) 610.321.0505
slbrown@sianalaw.com